NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 19 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUVENAL GONZALEZ, AKA Juvenal
Gonzalez-Velasquez,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    15-70091

Agency No. A099-976-057

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2020[**]

Before:  TROTT, SILVERMAN, and N.R. SMITH, Circuit Judges.

Juvenal Gonzalez, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We also review de novo whether a petitioner has been afforded due process. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

In his appeal to the BIA, Gonzalez did not challenge the IJ's determinations that he is ineligible for asylum and CAT protection. He also did not challenge the IJ's denial of his motion to continue his hearing so he could obtain more details about his criminal history. We lack jurisdiction to consider those issues. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

The record does not support Gonzalez's claim that the agency failed to review and consider all evidence presented. *See, e.g., Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894-95 (9th Cir. 2018) ("There is no indication that the IJ or BIA did not consider all the evidence before them.").

Substantial evidence supports the agency's conclusion that Gonzalez did not establish a well-founded fear of persecution. Gonzalez has never been personally

threatened or harmed. Moreover, his sister, Maria de Jesus, and his siblings continue to live without incident in his hometown in Mexico. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly situated family members continue to live in the country without incident . . . .") (citations omitted), *superseded by statute on other grounds as stated in Ramadan v. Gonzalez*, 479 F.3d 646, 650 (9th Cir. 2007). Gonzalez also failed to establish membership in a cognizable social group. *See Conde Quevedo v Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) (concluding that a proposed social group of witnesses who reported crimes to police lacked social distinction); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). His withholding of removal claim therefore fails.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**